```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ABDIEL F. AVILA, | Civil Action No. 10-5318 (NLH) |
| Petitioner, |  |
| v. | **MEMORANDUM OPINION AND ORDER** |
| WARDEN OF NEW JERSEY STATE PRISON, |  |
| Respondent. |  |

IT IS APPEARING THAT:

1.  Petition, together with two other individuals, submitted a joint § 2254 petition challenging their convictions and ensuing sentences rendered by New Jersey courts.  See Docket Entry No. 1.  That joint petition gave rise to Civil Action No. 10-4360 (NLH).  See id.

2.  To address improper joinder, the Court reserved Civil Action No. 10-4360 for the litigant named first in that joint petition and directed the Clerk to open two separate matters for the remaining litigants, one of whom was Petitioner. See id.  The Clerk duly complied with the Court's directive, initiating the instant matter for Petitioner.

3.  The Court's order directing commencement of the instant matter also directed Petitioner to submit an amended petition stating solely Petitioner's own § 2254 challenges. See id.

4.  Petitioner submitted such amended petition. See Docket Entry No. 3. This submission made a multitude of legal arguments having no relevance to habeas law and asserting factual and legal claims difficult, if not impossible, to discern. See id.

5.  Petitioner describes his seven grounds for relief as follows:

    Ground I:    PETITIONER MOVES PRO SE.
    Ground II:   SUA SPONTE FACTS WITH PERFORMANCE REQUIRED.[1]
    Ground III:  THERE IS A CONTROVERSY IN LAW AND EQUITY.[1]
    Ground IV:   PETITIONERS RIGHTS WHERE CONSTITUTIONALLY VIOLATED UNDER THE THIRTEENTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, PARAGRAPH 1 OF THE NEW JERSEY CONSTITUTION WHEN THE STATE LEGISLATURE ENCROACHED UPON THE SOVEREIGN WHEN IT FAILED TO INCLUDE THE TERM "MAN" WITHIN THE DEFINITION OF PERSON IN ANY OF THE STATE STATUTES, CONSTITUTING HUMAN RIGHTS VIOLATIONS.
    Ground V:    PETITIONERS CONSTITUTIONAL RIGHTS GUARANTEED BY THE FOURTH AND FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE I, PAR. I OF THE NEW JERSEY CONSTITUTION WHEN ALL OF THE LOWER COURTS FAILED TO ESTABLISH JURISDICTION ON THE RECORD THEREBY CAUSING IMPRISONMENT TO BE UNCONSTITUTION [sic].
    Ground VI:   FATAL DEFECTS IN THE STATE GOVERNMENT CHARGING INSTRUMENTS.
    Ground VII:  THE STATE GOVERNMENT LACKED STATE LEGISLATIVE, TERRITORIAL OR ADMIRALTY JURISDICTION OVER THE LOCUS QUO.

    Docket Entry No. 3, at 5-6.

---

[1] It appears from his Grounds II and III that Petitioner is a "redemptionist." See Murakush Caliphate of Amexem Inc. v. New Jersey, 2011 U.S. Dist. LEXIS 51887, at *3-9 (D.N.J. May 13, 2011) (detailing the gist of "redemptionist" movement and abusive use of legal filings).

6.  Petitioner's brief, accompanying his amended petition, also lists seven Grounds, the first six of which are the same as stated in the amended petition, while the seventh Ground – being, enigmatically enough, designated as the eighth – reads as follows: "THE SOVEREIGN, MAN IS IMMUNE AND EXEMPT FROM ENFORCEMENT OF STATE STATUTES AND ITS JURISDICTION." Docket Entry No. 4, at 33.

7.  On June 25, 2009, Petitioner was sentenced in state court to seventy-five years imprisonment, subject to an 85% parole disqualifier pursuant to the No Early Release Act.[2]  See <<https://www6.state.nj.us/DOC_Inmate/details?x=1427004&n=0>>; State v.  Avila, 2011 WL 1466299 (N.J. Super. Ct. App. Div. Apr. 18, 2011).

8.  On direct appeal, Petitioner filed counseled challenges (asserting numerous points having no relevance to the

---

[2] Petitioner was convicted on the bases of offenses he committed against his stepdaughter at the time when she was thirteen and fourteen years old.  Petitioner planted in his stepdaughter's backpack a "typewritten letter addressed to her from the 'Sisterhood.'  The letter informed her that she was required to undergo sexual training prior to turning eighteen years old, and part of that training was to have sex with [Petitioner, who was, allegedly,] the person . . . responsible for her training.  The letter made references to people that would appeal to youth, such as popular musical artists, and said that these people had undergone such training.  [Petitioner] told [his stepdaughter] that she had to engage in sexual activities with him, and if she did not, people close to her, such as her mother and her godfather, . . . 'would probably get hurt.'  Those threats were also contained in the letter."  See State v. Avila, 2011 WL 1466299, at *3-5.  Consequently, Petitioner continued raping his stepdaughter for eight months, until she reported the ordeal in a note to her grandfather.  See id.

grounds asserted in the amended petition) and also asserted claims in a pro se brief. See State v. Avila, 2011 WL 1466299. In his pro se brief, Petitioner asserted the following challenges:

POINT I        DEFENDANTS RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, P[A]RAGRAPHS 1 AND 22, OF THE NEW JERSEY CONSTITUTION WHERE VIOLATED WHEN THE STATE FAILED TO PROPERLY SEQUESTER THE ALLEGED VICTIM AND FURTHER DENIED THE DEFENSE TO DISQUALIFY HER AT TRIAL AND ALL OTHER WITNESSES, COURTS DENIAL TO THE DEFENSE ALLOW THE STATE'S USE OF THE INITIAL WRITINGS, STATEMENTS, RECORDS OF VITAL STATISTICS, STATES EXHIBITS BE ENTERED TO EVIDENCE, AND TESTIMONY OF THE ALLEGED VICTIM, AND OF ALL OTHER WITNESSES WHICH ALL WERE INADMISSIBLE AND FAILED TO BE RELIABLE TRUSTWORTHY, AND FAILED TO PROVE THE ELEMENTS OF THE OFFENSES.

POINT II       DEFENDANTS' DUE PROCESS RIGHTS AND EQUAL PROTECTION OF THE LAW, AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND ARTICLE I, PARAGRAPH 1, OF THE NEW JERSEY CONSTITUTION WHERE VIOLATED BY THE STATES' WITHHOLDING OF EVIDENCE, OMISSIONS OF THE FACTS AND MATERIAL FACTS, OF SUA SPONTE EVIDENCE AND TRUISM.

POINT III      DEFENDANT-APPELLANTS RIGHTS WAS CONSTITUTIONALLY VIOLATED UNDER THE THIRTEENTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, PARAGRAPH 1, OF THE NEW JERSEY CONSTITUTION WHEN THE STATE LEGISLATURE ENCROACHED AND FAILED TO DEFINE THE "MAN" IN ANY OF THE STATUTES ADJUDICATED THE CONSTITUTIONALITY OF THE STATUTES ARE CHALLENGUED, ARE VAGUE AND HAVE A BROAD DEFINITION TO A 'PERSON' WHICH FAILED TO INCLUDE THE "MAN" THAT

|   |   |
|---|---|
|  | IS CURRENTLY IMPRISONED CONSTITUTING INTERNATIONAL HUMAN RIGHTS VIOLATIONS. |
| POINT IV | DEFENDANTS' 'CONSTITUTIONAL RIGHTS GUARANTEED BY THE 4th, 14th AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, PARAGRAPH 1, OF THE STATE OF NEW JERSEY CONSTITUTION WHERE VIOLATED WHEN BOTH THE LOWER COURT FAILED TO ESTABLISH JURISDICTION ON THE RECORD, THEREBY CAUSING IMPRISONMENT TO BE FALSE AND UNCONSTITUTIONAL. |
| POINT V | DEFENDANTS GUARANTEED RIGHTS UNDER THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE I, PARAGRAPHS 1, 6, 7, 8, 9, 10, OF THE NEW JERSEY CONSTITUTION WHERE VIOLATED DUE TO FATAL DEFECTS IN THE STATE GOVERNMENT'S CHARGING INSTRUMENTS. |
| POINT VI | DEFENDANT GUARANTEED RIGHTS UNDER THE IV AMENDMENT OF T[H]E U.S. CONSTITUTION AND ARTICLE I, PARAGRAPHS 1, 7, 8 OF THE NEW JERSEY CONSTITUTION WHERE VIOLATED WHEN THE STATE GOVERNMENT LACKED STATE LEGISLATIVE, TERRITORIAL OR ADMIRALTY JURISDICTION OVER THE LOCUS QUO. |
| POINT VII | DEFENDANT-APPELLANT RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND ARTICLE I, PARAGRAPHS 1 AND 6 OF THE NEW JERSEY CONSTITUTION WHERE VIOLATED DUE TO THE JURY'S VERDICT WAS A MANIFEST DENIAL OF JUSTICE UNDER THE LAW. |
| POINT VIII | DEFENDANT-APPELLANT RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND ARTICLE I, PARAGRAPHS 1 OF THE NEW JERSEY CONSTITUTION WHERE VIOLATED DUE TO SENTENCING DISPARITIES. |
| POINT [IX] | DEFENDANT-APPELLANT RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND ARTICLE I, PARAGRAPHS 1 OF THE NEW JERSEY CONSTITUTION WHERE VIOLATED DUE TO SENTENCING IMPROPER IMPOSITION OF EXTENDED TERM AND ENHANCED SENTENCE. |

Id. at *2-3.

9. On April 18, 2011, the Appellate Division affirmed Petitioner's conviction and sentence; Petitioner's above-quoted pro se points were dismissed as not "warrant[ing] discussion in a written opinion." Id. at *12.

10. Petitioner's amended petition in this matter was filed on November 30, 2010, that is, four and a half month prior to the Appellate Division's resolution of Petitioner's challenges. See Docket Entries Nos. 3 and 4.

11. As of now, there has been no determination made by the Supreme Court of New Jersey as to Petitioner's challenges. See <<http://www.judiciary.state.nj.us/opinions/index.htm>> (listing New Jersey Supreme Court's decisions for 2010-2011). Nor has Petitioner indicated in any of his numerous filings (including an "Application for Emergency Relief" and "Notice of Failure to Order the Executive Branch to Appear") that he has attempted to present his challenges dismissed by the Appellate Division to the Supreme Court of New Jersey. Hence, Petitioner's challenges stated in his amended petition and accompanying brief are facially unexhausted.[3]

---

[3] We also note that Petitioner's Seventh Ground (designated as Petitioner's "eight" Ground for the purposes of his brief) was not included in the list of "points" Petitioner presented to the Appellate Division in his pro se brief filed on direct appeal (and no such challenge was made part of his counseled brief on direct appeal). To the extent this claim presents a valid challenge, it was not presented to the intermediate state appellate court.

12. It does not appear necessary to detail to Petitioner the exhaustion requirement associated with filing a § 2254 petition, since soon after his conviction, another judge of this court dismissed an earlier filed § 2254 petition as unexhausted.  See Avila v. Taylor, 2009 U.S. Dist. LEXIS 65217 (D.N.J. July 23, 2009).  In his decision, the judge extensively detailed the workings of the exhaustion requirement.  See id.  Therefore, there is no reason to repeat it here.

13. Consequently, the Court will dismiss the amended petition as unexhausted.  Such dismissal will be without prejudice to Petitioner's filing of a duly exhausted petition.  In addition, in light of the nature of Petitioner's challenges asserted in his amended petition and accompanying brief, the Petitioner is urged to assert only legally cognizable claims and not vague assertions of "sovereign citizenship" and "redemptionism" beliefs.  Failure to do so may result in a preclusion order or other sanctions.  See Murakush Caliphate of Amexem Inc. v. New Jersey, 2011 U.S. Dist. LEXIS 51887, at *4, 80 and nn. 2 and 27 (D.N.J. May 13, 2011) (detailing the concepts of "sovereign citizenship" and "redemptionism," pointing out the abuses of legal process perpetrated on the bases of these concepts, and entering orders of preclusion against those "sovereign citizens/redemptionists" who relied

on the Treaty with Morocco in order to define themselves as "vessels," over which state courts should not have jurisdiction to convict and whom prison officials should not have jurisdiction to hold in confinement).

14. As jurisdiction was asserted under 28 U.S.C. § 2254, this Court will determine whether a certificate of appealability ("COA") should issue.  Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a COA, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find it debatable

whether this Court is correct in its ruling.  Accordingly, no COA shall issue.

IT IS, therefore, on this 31st day of   May   , 2011,

ORDERED that the Clerk shall reopen this matter for the purposes of this Court's examination of Petitioner's amended petition, Docket Entry No. 3, by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Petitioner's amended petition, Docket Entry No. 3, is dismissed, without prejudice, as unexhausted; and it is further

ORDERED that no certificate of appealability shall issue; and it is further

ORDERED that Petitioner's "Notice" (seeking this Court's order directing service of the amended petition upon Respondent), Docket Entry No. 5, and his "Application" (the content of which cannot be ascertained), Docket Entry No. 6, are dismissed as moot; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail, together with a blank § 2254 petition form, which the Court strongly encourages Petitioner to utilize for the purposes of Petitioner's future § 2254 application, if any; and it is finally

ORDERED that the Clerk shall close the file on this matter by making a new and separate entry reading "CIVIL CASE CLOSED."

```
                                    /s/Noel L. Hillman
                                  NOEL L. HILLMAN,
                             United States District Judge
At Camden, New Jersey
```